IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sevren Da'Sean Godbolt, #341489, | ) | |
| | ) | Civil Action No.: 4:15-cv-02564-JMC |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Cpt. Joseph Powell, Lt. DeAngelo Ford, | ) | |
| Sgt. Donovan Ford, Lt. Albert Housey, | ) | |
| Ofc. Kurt McKinstry, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Sevren Da'Sean Godbolt ("Plaintiff") filed this *pro se* and in *forma pauperis* action against Defendants Cpt. Joseph Powell, Lt. DeAngelo Ford, Sgt. Donovan Ford, Lt. Albert Housey, and Ofc. Kurt McKinstry (collectively known as "Defendants"), alleging he was subjected to cruel and unusual punishment by Defendants, and seeks monetary damages against each Defendant. (ECF No. 1.) Defendants filed an Answer (ECF No. 13), and then filed a Motion for Summary Judgment (ECF No. 28), asking that the Complaint be dismissed. Plaintiff filed a Motion for Leave to File an Amended Complaint (ECF No. 40), but the Motion was denied as untimely. (ECF No. 43.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial handling. On September 30, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Defendants' Motion. (ECF No. 45.) This review considers Plaintiff's Objections to the Report ("Objections") filed October 24, 2016. (ECF No. 50.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report in part, **MODIFIES** the Magistrate Judge's Report in part, **GRANTS** Defendants' Motion for Summary

1

Judgment (ECF No. 28), and **DISMISSES** this action (ECF No. 1) without prejudice and without issuance and service of process.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This court concludes, upon its own careful review of the record, that the Magistrate Judge's factual synopsis is accurate and incorporates it by reference. This court will thus focus on the facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff alleges that on July 1, 2014, Defendants used excessive force against him, subjecting him to cruel and unusual punishment. (ECF No. 1 at 2.)   On the day in question, another inmate was involved in a confrontation with a correctional officer ("Cifelli"). (*Id*. at 3.) Plaintiff alleges he joined the confrontation, and hit Cifelli with a scrub brush several times. (*Id*.) Plaintiff then alleges that after Defendants escorted him away from his cell, they proceeded to attack him by "slam[ming]" his face, throwing him repeatedly to the ground, stripping him of his shoes and socks, and spraying him in the face [with chemical munitions], before placing him outside in "extreme" weather [heat] conditions. (*Id*. at 3–4.) Plaintiff also alleges medical care was not immediately provided to him. (*Id*. at 4.) Plaintiff seeks $50,000 in compensatory damages from each Defendant, and $50,000 in punitive damages from each Defendant. (*Id*. at 6.)

The Magistrate Judge's September 30, 2016 Report found that because Plaintiff failed to respond to Defendants' Motion, the Complaint should be dismissed on the basis of Fed. R. Civ. P. 41(b). (ECF No. 45 at 2.) The Magistrate Judge also found that Plaintiff failed to demonstrate a medical claim or an excessive force claim that could be brought under 42 U.S.C. § 1983. (ECF No. 45 at 13, 17.)

In response to the Magistrate Judge's Report, Plaintiff filed a timely Objection on

October 24, 2016. (ECF No. 50.) In his Objection, Plaintiff disputes the Report's recount of the facts. (*Id.* at 1–3.) Plaintiff objects to Defendant Housey and Defendant Powell's account of the events (*Id*. at ¶¶ B–E), and also asserts that medical claims were not the issue. (*Id*. at 2, ¶ F.)

## II.     LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 for the District of South Carolina. The Magistrate Judge's Report is only a recommendation to this court, and has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Id*. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff filed this Complaint in *forma pauperis* pursuant to 28 U.S.C. § 1915, which allows a federal court to proceed with a prisoner's complaint or action without the prepayment of court fees by the prisoner litigant. 28 U.S.C. § 1915(a)(1). The statute attempts to restrain this privilege, and thus avoid allowing meritless lawsuits to flood the court system, by permitting a court to dismiss the case at any time upon finding that the action fails to state a claim on which relief may be granted.[1] § 1915(e)(2)(B)(ii).

Summary judgment is appropriate when the materials in the record show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue has been raised, the court

---

[1] The statute also allows for a court to dismiss an in *forma pauperis* action for the following reasons: (1) the allegation of poverty is untrue; (2) the action or appeal is frivolous or malicious; and (3) the action or appeal seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(A)-(B).

must weigh all evidence and draw all justifiable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Furthermore, to show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleading. *See Celotex*, 477 U.S. at 324. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

Additionally, *pro se* complaints must be held to a less stringent legal standard than those complaints or proceedings drafted by lawyers, and a *pro se* document should be liberally construed by a federal court. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Technical niceties" should not defeat a meritorious claim when it can be amended to achieve justice. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, while a *pro se* complaint may be entitled to "special judicial solicitude," federal courts are not required to recognize "obscure or extravagant claims." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775

F.2d 1274, 1277 (4th Cir. 1985). A complaint will be dismissed, even under the lens of a liberal interpretation, "if it does not allege 'enough facts to state a claim to relief.'" *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

Federal courts are courts of limited subject matter jurisdiction and there is no presumption that the court has jurisdiction. *Pinkley Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). They are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."[2] *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Therefore, a federal court is required to determine if there is a valid basis for jurisdiction, "and to dismiss the action if no such ground appears." *Id.* at 352. A plaintiff who seeks jurisdiction, even a *pro se* plaintiff whose complaint must be viewed liberally, must "allege in his pleadings the facts essential to show jurisdiction." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Subject matter jurisdiction can be attained through (1) federal question under 28 U.S.C. § 1331, and (2) diversity of citizenship pursuant to 28 U.S.C. § 1332.

Objections to a Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b)(2). The Magistrate Judge correctly concludes that the allegations contained in Plaintiff's Complaint are not sufficient to show constitutional violations that would warrant relief under § 1983. Plaintiff's Objections do not bring forward any new facts that change this initial conclusion.

### III.    DISCUSSION

The court disagrees that the Complaint can be dismissed pursuant to Fed. R. Civ. P.

---

[2] U.S. CONST. art. III, § 2, cl. 1 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States and Treaties made…").

41(b).  Per the Magistrate's Judge's Roseboro Order (ECF No. 33), Plaintiff was informed his Complaint could be subject to dismissal if he failed to respond to Defendants' Motion.  *See Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975).  Though Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 40) was correctly denied by the Magistrate Judge due to untimeliness,[3] the document itself could be viewed as a response to Defendants' Motion, thus fulfilling the Roseboro Order.  *Pro se* documents should be liberally construed by a federal court, and though Plaintiff's Motion did not contain language specifically objecting to Defendants' Motion (outside of the caption), Plaintiff goes into much greater detail about why Defendants should be held liable, and agrees with Defendants that they were acting under the color of state law.  The court thinks Plaintiff's Motion could be construed liberally as a response to Defendants' Motion.  Furthermore, in considering whether to dismiss an action pursuant to Rule 41(b), the four factors laid out in *Davis v. William*s must be considered.[4]  Not only is it arguable that Plaintiff's Motion to Amend was essentially a response, given greater weight because of its *pro se* nature, but Defendants will not be unduly prejudiced by the court not dismissing this action pursuant to Rule 41(b).

In regard to the application of federal question to this Complaint, the essential allegations are insufficient to show that the civil complaint is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) "the violation of a right secured by the Constitution and

---

[3] The ability for Plaintiff to make a motion to amend his pleading (i.e., Complaint), expired thirty (30) days from March 31, 2016, pursuant to the Magistrate Judge's text order.  (ECF No. 24.) Plaintiff did not file his Motion for Leave to File an Amended Complaint until June 13, 2016.

[4] 588 F.2d 69 (4th Cir. 1978) (outlining the following four factors: (1) the degree of responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal).

laws of the United States" and (2) this violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In his Objections, Plaintiff reasserts he was subjected to excessive use of force.[5] These claims, if substantiated, would have deprived Plaintiff of his 8th Amendment constitutional rights, and allowed him to seek relief under § 1983, thus giving the court original jurisdiction under § 1331.

In his Objection, Plaintiff disputes Defendants' accounts of what happened, and insists Defendants are lying. However, for Plaintiff to overcome Defendants' Motion, Plaintiff cannot solely rely on mere allegations or denials. The Report accurately notes that the only evidence to support Plaintiff's allegations are Plaintiff's own, self-serving claims. Plaintiff admits that he took part in a violent assault against Cifelli, and the evidence points to Plaintiff not complying with correctional officer orders. An inmate's repeated refusal to comply with an officer's orders gives rise to the need for the use of some force. *See Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996). Plaintiff implies that the use of chemical munitions was not necessary (ECF No. 50 at 1, ¶ C), however, an officer's use of chemical munitions on an inmate to prevent disorder generally does not infringe the Eighth Amendment's prohibition against cruel and unusual punishment so long as the quantity of chemical munitions is commensurate with the gravity of the occasion. *Bailey v. Turner*, 736 F.2d 963, 968–69 (4th Cir. 1984). A violent assault against a corrections officer is a serious occasion. Additionally, Plaintiff's injuries were reported to be minor. Based on the foregoing, Plaintiff has failed to show a genuine issue of material fact to withstand summary judgement on his claims of excessive force. Plaintiff also has not shown a constitutional violation in respect to his treatment by Defendants. Accordingly, there is no viable

---

[5] The court need not address the Report's conclusions on medical claims, because Plaintiff himself says in his Objection that "my issues isn't with medical but with 'excessive use of force.'" [sic] (ECF No. 50 at 2, ¶ F.)

federal claim.[6]

## IV.    CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 45) in part, **MODIFIES** the Magistrate Judge's Report in part, **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 28), and **DISMISSES** this action (ECF No. 1) without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 21, 2016
Columbia, South Carolina

---

[6] This court need not address subject matter jurisdiction in regard to diversity of citizenship.  It appears that all parties are domiciled in South Carolina, thus, complete diversity is lacking.  *See* 28 U.S.C. 1332(a).

8